**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **THE CITY OF FAIRHOPE, ALABAMA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Case No.: _____ |
| § | |
| **THE CHARTER OAK FIRE** § | |
| **INSURANCE COMPANY, et al.,** § | |
| § | |
| **Defendants.** § | |

**NOTICE OF REMOVAL**

COMES NOW Defendant The Charter Oak Fire Insurance Company ("Charter Oak"), and files this Notice of Removal of this action from the Circuit Court of Baldwin County, Alabama (CV-2019-900032.00), to the United States District Court for the Southern District of Alabama, Southern Division, and shows unto the Court the following:

**I.**

The above-entitled action was commenced in the Circuit Court of Baldwin County, Alabama, on January 7, 2019, and is now pending therein. A copy of Plaintiff's Complaint is attached hereto as part of "Exhibit A." Travelers was served on January 11, 2019. A copy of the service return and service notice are attached hereto as part of Exhibit A. Therefore, the removal of this case is timely pursuant to 28 U.S.C. Section 1446(b)(2)(B).

**II.**

Copies of all process, pleadings, and orders filed in said action are attached hereto as "Exhibit A."

### III.

This action is one of a civil nature over which the District Court has original jurisdiction because of diversity of citizenship, pursuant to 28 U.S.C. Section 1332(a)(1).

### IV.

Plaintiff The City of Fairhope, Alabama, at the time of the commencement of this action, and since that time, was and is a municipal corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Baldwin County, Alabama.

### V.

Defendant Charter Oak, at the time of the commencement of this action, and since that time, was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

### VI.

All of the parties to the case are diverse from one another, and this Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1).[1]

### VII.

The amount in controversy exceeds $75,000, pursuant to 28 U.S.C. Section 1332(a). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Where, as here, the amount in controversy is not specified in the complaint, "a removing defendant

---

[1] Plaintiff's Complaint also contains allegations against fictitious parties. [Ex. A, Complaint, p. 1]. However, "the citizenship of defendants sued under fictitious names shall be disregarded" for removal pursuant to diversity of citizenship. 28 U.S.C. § 1441(b)(1). Therefore, the fictitious defendants, and allegations against them, have no impact on the removal of this matter.

must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted); *see also* 28 U.S.C. § 1446(c)(2)(B).

According to its Complaint, the City seeks a declaration that insurance policies Charter Oak issued to the City provide coverage by way of defense and indemnity for claims asserted against the City in the lawsuit styled *Charles K. Breland, Jr., et al. v. The City of Fairhope, Alabama*, in the Circuit Court of Baldwin County, Alabama, Civil Action Number 05-CV-2013-901096.00 ("the underlying action"). [Ex. A, Complaint, pp. 3-4]. The City also alleges that Charter Oak breached the enhanced duty of good faith with respect to Charter Oak's defense of the City in the underlying action. [Ex. A, Complaint, p. 4]. The City seeks "all available damages" resulting from the alleged breach. [Ex. A, Complaint, p. 5].

In the underlying action, Breland alleges that he seeks declaratory and injunctive relief and monetary damages arising from an "eleven-year battle with the City" regarding issues with the purchase and filling of 65 acres of land. [A copy of Breland's Complaint in the underlying action is attached as "Exhibit B."]. The underlying action was the subject of a previous appeal to the Alabama Supreme Court, which noted that Breland alleges that his efforts to fill the land include, but are not limited to, the purchase of "mitigation credits required by the [Army Corp of Engineers] permit for $143,144" along with the retention of "engineers and consultants for the fill project." *Breland v. City of Fairhope*, 229 So. 2d 1078, 1079 (Ala. 2016). Breland purchased the 65 acres at issue for $510,364.50. *Breland*, 229 So. 2d at 1079. Therefore, the value of Breland's claimed

3

damages in the underlying action, which serves as the basis for the City's present claims in this action, exceed $75,000.[2]

Moreover, to the extent that the City seeks coverage under the Charter Oak policies for any defense costs, settlement, or judgment in the underlying action, each of the four policies made the basis of this action provides an each occurrence limit of $3,000,000 under the commercial general liability party and an each wrongful act limit of $2,000,000 under the public entity management liability part.[3]  Thus, the amount in controversy in this coverage action exceeds the $75,000 jurisdictional limit required for diversity jurisdiction.

## VIII.

Based on the foregoing, complete diversity exists, the amount in controversy is met, and this Court has proper jurisdiction under 28 U.S.C. § 1332.  The City has previously acknowledged that

---

[2]*See, e.g., Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. . .. In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.").

[3]Charter Oak issued the following composite policies to the City:
- Policy number GP09315949 for policy period January 9, 2011 to January 9, 2012 (attached as "Exhibit C");
- Policy number ZPP-14P16222-12-PB for policy period January 9, 2012 to January 9, 2013 (attached as "Exhibit D");
- Policy number ZLP-14T87598-13-PB for policy period January 9, 2013 to January 9, 2014 (attached as "Exhibit E"); and,
- Policy number ZLP-14T87598-14-PB for policy period January 9, 2014 to January 9, 2015 (attached as "Exhibit F").

the Southern District Court has diversity jurisdiction over the coverage issues pending between the City and Charter Oak.[4]  Accordingly, the case is subject to removal to this Court.

WHEREFORE, PREMISES CONSIDERED, The Charter Oak Fire Insurance Company prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-styled action from the Circuit Court of Baldwin County, Alabama.

Respectfully submitted,

 s/ Candace H. Newton
Joel S. Isenberg (ASB-8855-N76J)
Candace H. Newton (ASB-8314-N66H)
Attorneys for Defendant The Charter Oak Fire Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Pkwy., Suite 380
Birmingham, Alabama 35209
Telephone:    (205) 313-1200
Facsimile:    (205) 313-1201
jisenberg@elylawllc.com
cnewton@elylawllc.com

---

[4]The City's Complaint is not the first action regarding coverage under the Charter Oak policies for claims asserted against the City in the underlying action.  Rather, on October 24, 2018, Charter Oak initiated an adversary proceeding in the Southern District Bankruptcy Court seeking a declaration as to Charter Oak's obligations, if any, under the policies issued to the City regarding the exact same underlying action.  *See* Adversary Proceeding No. 18-0057, Doc. 1-1.  In that first-filed action, the City acknowledged that this Court has diversity jurisdiction over the City's request for coverage under the Charter Oak policies. *See* Adversary Proceeding No. 18-00057, Doc. 14, p. 2 of 9.

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been served on the following parties via the CM/ECF electronic filing system and/or U.S. Mail on this 11th day of January, 2019.

Marcus E. McDowell
Marion E. Wynne, Jr.
WILKINS BANKESTER BILES & WYNNE, PA
201 East Second Street
Bay Minette, Alabama 36507-0400

Jason S. McCormick
TOBIAS, McCORMICK and COMER, LLC
1203 Dauphin Street
Mobile, Alabama 36604

                                               s/ Candace H. Newton
                                               OF COUNSEL